**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEZMONT HOGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1310-CR-475 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable David D. Kiely, Judge
Cause No. 82C01-1202-FA-248

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Dezmont Hogan appeals his sentence following his convictions for burglary, as a Class A felony; criminal confinement, as a Class B felony; and theft, as a Class D felony. Hogan presents two issues for our review:

1. Whether the trial court abused its discretion when it sentenced him.

2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

During the early morning hours of February 19, 2012, Hogan, Nalakeio Bennett, Antwan Jenkins, Jeton Hall, and a fifth man were wearing black ski masks and carrying handguns when they ambushed Ira Beumer outside of his residence in Vanderburgh County. The men pointed their guns at Beumer and threatened to shoot him if he did not disarm the house alarm, and Beumer complied. The men forced their way inside the house, and they struck Beumer in the head with the butts of their pistols multiple times. The men emptied two safes of valuables, and they stole coins and an iPad. At one point, Beumer was on his knees, and one of the men held a gun to his head and said, "I am going to kill this n*****, I am going to kill this n*****!" Appellant's App. at 14. Then Beumer's wife pulled into the driveway. One of the men alerted the others to her arrival, and Beumer pleaded with the men not to hurt her. The man with the gun to Beumer's head said, "I am going to kill this n***** then I am going to kill this f***ing bitch!" Id. But the man did not go through with his threats, and all five men fled the scene.

2

The State charged Hogan with burglary, as a Class A felony; criminal confinement, as a Class B felony; theft, as a Class D felony; and with being a member of a criminal gang. Hogan pleaded guilty as charged to burglary, criminal confinement, and theft, without a plea agreement, but the criminal gang enhancement was tried to a jury. During that trial, the trial court granted Hogan's motion for a directed verdict. The trial court sentenced Hogan to forty years for the Class A felony, fifteen years for the Class B felony, and two years for the Class D felony. And the trial court ordered that the sentences would run concurrently for a total executed sentence of forty years. This appeal ensued.

### DISCUSSION AND DECISION

### Issue One: Abuse of Discretion in Sentencing

Hogan first contends that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .

3

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Hogan contends that the trial court abused its discretion when it did not identify his remorse as a mitigating circumstance. The trial court abuses its discretion in sentencing if it overlooks "substantial" mitigating factors that are "clearly supported by the record." Smith v. State, 929 N.E.2d 255, 259 (Ind. Ct. App. 2010) (quoting Anglemyer, 868 N.E.2d at 491), trans. denied. We recognize that substantial deference must be given to a trial court's evaluation of remorse. Allen v. State, 875 N.E.2d 783, 788 (Ind. Ct. App. 2007). "Remorse, or lack thereof, by a defendant is something better guarded by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility." Phelps v. State, 914 N.E.2d 283, 293 (Ind. Ct. App. 2009). Here, at sentencing, Hogan's counsel read aloud from a letter Hogan had written expressing his remorse "for the choices that were made that day." Sentencing Transcript at 6. Hogan was present at the sentencing hearing. He does not explain why he did not express his remorse directly to the court. We cannot say that the trial court abused its discretion when it did not identify Hogan's remorse as a mitigator.

### Issue Two:  Inappropriate Sentence

Hogan also contends that his sentence is inappropriate in light of the nature of the offenses and his character. Again, the trial court imposed concurrent sentences with an aggregate executed sentence of forty years. The sentencing range for a Class A felony is twenty years to fifty years with the advisory sentence being thirty years. Ind. Code § 35-

50-2-4. The sentencing range for a Class B felony is six years to twenty years with the advisory sentence being ten years. Ind. Code § 35-50-2-5. And the sentencing range for a Class D felony is six months to three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7.

Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

And our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven

the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Hogan contends that his sentence is inappropriate in light of the nature of the offenses and his character. Hogan appears to suggest that the nature of the offenses is such that only the advisory sentence for a Class A felony should be imposed, but his argument in support of that contention is difficult to follow and unpersuasive. As for his character, Hogan points out that he "took full responsibility for his actions in his letter to the court and explained some of the difficulties of his upbringing." Appellant's Brief at 9. Hogan also asserts that his young age, family support, and guilty plea reflect on his good character.

But the State points out that the nature of the offenses was particularly heinous. At sentencing, the trial court read aloud from a letter written by Beumer describing, in detail, the "vicious and violent" crimes committed against him, including the men's threats to kill him and his wife. Sentencing Transcript at 11-12. As for Hogan's character, he was only twenty-five years old at the time of sentencing, yet his criminal history includes a felony conviction for robbery, misdemeanor convictions for auto theft and resisting law enforcement, and a probation violation. We cannot say that Hogan's forty-year sentence is inappropriate in light of the nature of the offenses or his character.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.